**Vladimir KAPUTSKIY, Petitioner,**

v.

66

Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.

Nos. 04–1063–ag (L), 04–6502–ag (CON).

United States Court of Appeals,
Second Circuit.

Oct. 23, 2007.

Michael P. DiRaimondo, Melville, NY, for Petitioner.

Daniel David Hu, Assistant United States Attorney, Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas, Houston, TX, for Respondents.

PRESENT: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Vladimir Kaputskiy, a citizen of Belarus, seeks review of a January 30, 2004 order of the BIA affirming the March 24, 2003 decision of Immigration Judge ("IJ") Miriam K. Mills, denying his application for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Vladimir Kaputskiy,* No. A73 586 177 (B.I.A. Jan. 30, 2004), *aff'g* No. A73 586 177 (Immig. Ct. N.Y. City Mar. 24, 2003). Kaputskiy also seeks review of a November 19, 2004 order of the BIA denying his motion to reopen. *In re Vladimir Kaputskiy,* No.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto Gonzales.

A73 586 177 (B.I.A. Nov. 19, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Belortaja v. Gonzales*, 484 F.3d 619, 623 (2d Cir.2007). We generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106 (2d Cir.2006) (citation and internal quotation marks omitted). But, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

Here, the IJ's adverse credibility determination is based on a single flawed finding, that the Report of Investigation submitted by the United States Embassy in Moscow undermined Kaputskiy's credibility. Contrary to Kaputskiy's claim that his

parents were Jewish, the Report indicated that Kaputskiy's mother was an ethnic Russian and that his father was an ethnic Belarusian. It also indicated that the agency listed on Kaputskiy's birth certificate did not begin to issue identification documents until more than ten years after he was born.

The IJ's finding was significantly flawed under *Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255 (2d Cir.2006), for two reasons. First, the Report of Investigation shows that the government revealed facts "that are sufficient to give rise to a reasonable inference that the applicant has applied for asylum" in violation of 8 C.F.R. § 208.6. *Lin*, 459 F.3d at 264–65.[2] The Report of Investigation states that an official inquiry was made by the United States Embassy in Minsk to an unnamed official from the archives of the Civil Registry office of the city of Grodno, Belarus and that the inquiry quite clearly revealed his name, that his birth certificate was in the possession of United States immigration officials, and that the United States sought to determine whether the birth certificate showed that Kaputskiy was Jewish. *See id.* at 265 (noting that facts sufficient to give rise to a reasonable inference that the applicant applied for asylum include facts that reveal a petitioner's identity, the applicant's basis for asylum, and the fact that United States immigration officials are holding the personal documents). These actions created a new risk of persecution that must be considered on remand. *See id.* at 268.[3]

---

**2.** Kaputskiy raises this issue for the first time before this Court. However, since the time of his appeal to the BIA, this Court has clarified the confidentiality standard and Kaputskiy could not have been expected to raise arguments regarding this change in law before the change had occurred. *Cf. Kim v. Gonzales*, 458 F.3d 40, 46 (2d Cir.2006).

**3.** Though we noted in *Lin* that some documents, such as birth certificates, do not necessarily imply that an applicant has applied for asylum, *see Lin*, 459 F.3d at 270, the relevant inquiry remains whether the government revealed facts sufficient to give rise to a reasonable inference that the applicant has applied for asylum.

Second, not only is the reliability of the document compromised by the government's breach of confidentiality, *see id.* at 269–70, but the Report lacks sufficient detail to allow us to evaluate whether it is reliable and thus cannot support a finding that Kaputskiy's birth certificate was forged.[4] The Report is an unsworn but signed report by an Immigration and Naturalization Service ("INS") assistant that fails to document the names or titles of the officials contacted at the archives of the Grodno Civil Registry office, the identity of the INS employee at the Embassy in Minsk who relayed the information provided by the Civil Registry to the Embassy in Moscow, information regarding the competency of the investigators in Moscow and in Minsk, and any actions taken to verify the information provided by the officials in Grodno. *See id.* at 271. "Evidence that is unreliable cannot provide the substantial evidentiary support necessary to sustain the agency's finding." *Id.* at 269 (citing *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004)). For these reasons, the IJ's adverse credibility determination was not supported by substantial evidence.

The IJ's decision was flawed in other respects as well. The IJ erroneously found that the archival document Kaputskiy submitted in rebuttal to the Embassy Report was unreliable because it was unauthenticated, *see Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 404–05 (2d Cir.2005), and failed to consider whether

Kaputskiy's belief that he was Jewish, whether or not he truly was, coupled with evidence that he was perceived as Jewish and persecuted on account of it, could establish a valid persecution claim. *See Chun Gao v. Gonzales,* 424 F.3d 122, 129–30 (2d Cir.2005).

After making its adverse credibility finding based on the Embassy report, the IJ refused to allow testimony from Kaputskiy regarding his claims of persecution and failed to consider any of the records Kaputskiy presented documenting incidents of seemingly serious violence against his person motivated by his ethnicity. Thus, we cannot say that the IJ would have reached the same conclusion without reliance on the foregoing erroneous findings. *Cf. Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED, the BIA's January 30, 2004 order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Kaputskiy's petition for review of the BIA's November 19, 2004 decision denying the motion to reopen is DISMISSED as moot. The previously granted stay of removal is VACATED.

---

4. Though Kaputskiy raises this argument before us for the first time, we have stated that "the failure to exhaust specific issues before the BIA is no more than an affirmative defense subject to waiver." *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 124 (2d Cir. 2007); *see also id.* at 119 n. 18 (distinguishing between failure to exhaust issues, which is subject to waiver, from failure to exhaust "categories of relief," which, as a matter of statutory jurisdiction, cannot be waived). The government did not object to this argu-

ment as unexhausted. Where the "IJ, to whom all the matters before us were raised, was the source of the decision that we review, the full agency record is available to us, no additional factfinding is necessary, and the government is not concerned that the adversary proceedings below were incomplete" we may be "confident that the purposes of our issue exhaustion requirements have been served" and reach an issue on appeal which was not specifically raised to the BIA. *Id.* at 124–25. These factors are present here.